# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN PERES VASQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | Case No.: 1:10-cv-01231-SKO<br><br>**ORDER TO SHOW CAUSE** |

On May 13, 2011, the parties submitted a stipulation requesting that the Commissioner be granted an extension of time to file a responsive brief. The parties agreed that the Commissioner would file a responsive brief on or before June 22, 2011. (Doc. 13.) The stipulated request was granted by the Court on May 13, 2011.

The Commissioner failed to file a responsive brief on or before June 22, 2011. The Court issued an order on June 23, 2011, requiring the Commissioner to do either of the following **within five (5) days from the date of the Court's order**: (1) show cause why a timely responsive brief was not filed; or (2) file a responsive brief. (Doc. 15.) The Commissioner filed an *untimely* responsive brief on June 29, 2011 – **6 days** after the date of the Court's order. (Doc. 16.)

"District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998) (emphasis removed) (holding that court may dismiss an action that abuses the judicial process using inherent powers to control dockets); *see also Frost v. Perry*, 919 F. Supp. 1459 (D. Nev. 1996) (untimely motion stricken by court using inherent powers to control its own docket). This Court's Local Rule 110 provides that the "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

While excusable neglect or some other misunderstanding may explain why the Commissioner failed to timely respond to the Court's June 23, 2011, order, there are no reasons offered for the untimeliness of the Commissioner's June 29, 2011, submission or even an acknowledgment that it is untimely. As this is the second court-ordered deadline that the Commissioner has failed to meet, the Court orders the Commissioner to set forth, in writing, why sanctions, such as monetary sanctions or striking the Commissioner's responsive brief, should not be imposed.

Accordingly, IT IS HEREBY ORDERED THAT the Commissioner shall file a written statement **on or before July 11, 2011,** why sanctions should not be imposed for the failure to timely comply with the Court's June 23, 2011, order.

IT IS SO ORDERED.

**Dated:   July 1, 2011**                              /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE