# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN PERES VASQUEZ,<br><br>             Plaintiff,<br><br>       v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>             Defendant.<br>_____ | Case No.: 1:10-cv-01231-SKO<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE** |

On May 13, 2011, the parties submitted a stipulation requesting that the Commissioner be granted an extension of time to file a responsive brief. The parties agreed that the Commissioner would file a responsive brief on or before June 22, 2011. (Doc. 13.) The stipulated request was granted by the Court on May 13, 2011.

On June 22, 2011, the Commissioner failed to file a responsive brief. The Court issued an order on June 23, 2011, requiring the Commissioner to do either of the following within five days from the date of the Court's order: (1) show cause why a timely responsive brief was not filed; or (2) file a responsive brief. (Doc. 15.) Instead of filing a responsive brief or an explanation why a responsive brief had not been filed on or before on June 28, 2011, as the order required, the Commissioner filed a responsive brief on June 29, 2011.

1    On July 1, 2011, the court issued an order to show cause why sanctions should not be
2 imposed for failure to comply with the Court's June 23, 2011, order. (Doc. 17.) On July 11, 2011,
3 the Commissioner filed a statement indicating that the response date to the Court's June 23, 2011,
4 order was miscalculated and thus was untimely due to inadvertence and mistake.

5    Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d
6 15, 18 (3d Cir. 1986), and are intended to alleviate case management problems. *Johnson*, 975 F.2d
7 at 610.  While good faith errors are unavoidable from time to time, the parties should note that a
8 scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded
9 without peril." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

10    Given the caseload in this district, the Court has a pressing need to manage its docket
11 efficiently and effectively; the parties assist the Court in this endeavor by using all reasonable
12 diligence to adhere to the schedule and any extended deadlines allowed.  Moreover, pursuant to the
13 Federal Rules of Civil Procedure, the parties are under an affirmative obligation to diligently attempt
14 to comply with any scheduling orders issued by the court. Fed. R. Civ. P. 16(b).  When the Court
15 modifies the scheduling order pursuant to the agreement of counsel, as it did here, and one of the
16 parties fails to perform under the modified schedule, a lack of diligence is established.  Here, the
17 Commissioner failed to respond to the Court's order to show cause regarding the failure to comply
18 with a schedule, which only compounded the error.

19    However, as the Commissioner's failure to timely file a responsive brief and the failure to
20 respond to the Court's June 23, 2011, order to show cause appear to have occurred due to a good
21 faith mistake or inadvertence, the Court DISCHARGES the order to show cause and sanctions shall
22 not be imposed.

24 IT IS SO ORDERED.

25 **Dated:   July 20, 2011**          **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE