**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARMEN PERES VASQUEZ, | ) | 1:10-cv-01231-SKO |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT** |
| v. | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | (Doc. 22) |
| Defendant. | ) | |

## I. INTRODUCTION

On July 7, 2010, Plaintiff Carmen Peres Vasquez ("Plaintiff") filed a complaint seeking to reverse the Administrative Law Judge's ("ALJ") decision denying Plaintiff's claim for Social Security benefits. (Doc. 1.) On March 20, 2012, the Court issued an order reversing the ALJ's decision, remanding the case, and directing that judgment be issued in favor of Plaintiff. (Docs. 20, 21.) Specifically, the Court determined that the ALJ failed to provide specific and legitimate reasons to discount the opinion of a treating physician. (Doc. 20,17:9-22:7.) As a result, the Court determined that there was not substantial evidence in the record on which the ALJ could rely to support the non-disability finding.

On June 18, 2012, as the prevailing party, Plaintiff filed an application pursuant to the Equal Access to Justice Act ("EAJA") seeking $9,622.85 in attorney's fees. (Doc. 22.) Plaintiff's EAJA application was opposed by the Commissioner of the Social Security Administration ("Commissioner" or "Defendant"). (Doc. 24.) Plaintiff filed a reply brief on August 1, 2012. (Doc. 26.) In her reply brief, Plaintiff requested an additional 1.5 hours of time for preparation of the reply brief. (Doc. 26, 5:6, n.2.)

For the reasons set forth below, the Court GRANTS Plaintiff's application for an award of attorney's fees pursuant to the EAJA in the amount of $9,893.76.

## II. DISCUSSION

### A. Plaintiff Meets the Requirements for an Award of EAJA Fees

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "Fees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). The prevailing party must apply for attorney's fees within thirty days of the final judgment in the action. *Id.* § 2412(d)(1)(B). Further, the party applying for an award of EAJA fees must have an individual net worth not greater than $2,000,000 at the time the civil action was filed. *Id.* § 2412(d)(2)(B).

A remand pursuant to sentence four of 42 U.S.C. § 405(g) has been found to constitute a final, appealable judgment. *Shalala v. Schaefer*, 509 U.S. 292, 296-302 (1993). A party who obtains a sentence-four remand in a social security appeal is a prevailing party for purposes of the EAJA. *Schaefer*, 509 U.S. at 302. Here, Plaintiff asserts that she was a prevailing party for purposes of the appeal in this case because she obtained a sentence-four remand (Doc. 22, 2:11-12), and Plaintiff argues that the government was not substantially justified in the underlying agency action or in the Commissioner's subsequent litigation position (Doc. 22, 3:11-4:18). Plaintiff further asserts that her net worth as an individual was not more than $2,000,000 at the time the civil action was filed pursuant to 28 U.S.C. § 2412(d)(1)(D)(2)(B). As it relates to Plaintiff's eligibility for an EAJA

award, the parties dispute whether the government's litigation position was substantially justified and whether the number of hours billed by Plaintiff's counsel was reasonable.

### 1.     Legal Standard – Substantial Justification

Pursuant to 28 U.S.C. § 2412(d)(1)(A), claimants who successfully challenge an agency decision in a civil action are entitled to reasonable fees and other expenses:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

To be "substantially justified," the position taken must have a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 556-66 (1988); *United States v. Marolf*, 277 F.3d 1156, 1160 (9th Cir. 2002). Substantial justification is interpreted as being "justified to a degree that could satisfy a reasonable person" and "more than merely undeserving of sanctions for frivolousness." *Underwood*, 487 U.S. at 565; *see also Marolf*, 277 F.3d at 1161. The fact that a court reverses and remands a case for further proceedings "does not raise a presumption that [the government's] position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 335 (9th Cir. 1988). In considering whether the government's position is "substantially justified," courts consider not only the position of the United States taken in a civil action, but also the action or failure to act by the agency upon which the civil action is based. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259-60 (9th Cir. 2001); 28 U.S.C § 2412(d)(2)(D). Thus, courts "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali*, 854 F.2d at 33. However, "[w]here . . . the ALJ's decision was reversed on the basis of procedural errors, the question is *not* whether the government's position as to the merits [of the plaintiff's disability claim] was substantially justified . . [but] whether the government's decision to defend on appeal the procedural errors committed by the ALJ was substantially justified." *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008).

In considering the issue of substantial justification in *Le v. Astrue*, the Ninth Circuit held that the government's position that a doctor whom the claimant had visited five times over three years was not a treating doctor, while incorrect, was substantially justified since a non-frivolous argument could be made that the five visits over three years were not enough under the regulatory standard, especially given the severity and complexity of the claimant's alleged mental problems. 529 F.3d 1200, 1201-02 (9th Cir. 2008).

In *Lewis v. Barnhart*, the court determined that the government's defense of an ALJ's erroneous characterization of the claimant's testimony was substantially justified. 281 F.3d 1081 (9th Cir. 2002). In that case, the ALJ had reviewed the claimant's testimony about her past work at a gas station and resolved ambiguities in her testimony against her. *Id.* at 1084. Although the district court disagreed with the conclusion reached by the ALJ and remanded the matter, on appeal of the claimant's fee request, the appellate court determined that the ALJ had a reasonable basis in fact for the underlying decision because there were facts that cast doubt on the claimant's subjective testimony about her past work. *Id.* at 1084. Further, the defendant's position to defend the ALJ's error had a reasonable basis in law because an ALJ must assess a claimant's testimony and may use that testimony to define past relevant work as actually performed. *Id.* The Ninth Circuit, therefore, affirmed the district court's determination that Defendant's position was substantially justified. *Id.* at 1086.

In contrast, however, where the government violates its own regulations, fails to acknowledge settled circuit case law, or fails to adequately develop the record, its position will not be held to be substantially justified. *Gutierrez*, 274 F.3d at 1259-60. For example, in *Sampson v. Chater*, the ALJ's failure to make necessary inquiries of the unrepresented claimant and his mother to determine the onset date of disability, as well as the ALJ's disregard of substantial evidence establishing the onset date of disability, led the court to hold that the ALJ's actions, and the defendant's defense of those actions, were not substantially justified. 103 F.3d 918, 921-22 (9th Cir. 1996); s*ee also Flores v. Shalala*, 49 F.3d 562, 570-72 (9th Cir. 1995) (finding ALJ and Commissioner not substantially justified where ALJ ignored a medical report); *Crowe v. Astrue*, No. CIV S-07-2529 KJM, 2009 WL 3157438, at *1 (E.D. Cal. Sept. 28, 2009) (no substantial justification in law or fact based on

improper rejection of treating physician opinions without providing a basis in the record for doing so); *Aguiniga v. Astrue*, No. CIV S-07-0324 EFB, 2009 WL 3824077, at *3 (E.D. Cal. Nov. 13, 2009) (no substantial justification where ALJ repeatedly mischaracterized the medical record, improperly relied on non-examining physician that contradicted clear weight of medical evidence, and improperly discredited claimant's subjective complaints as inconsistent with the medical record).

### 2.     The Government's Position Was Not Substantially Justified

Here, the Court found that the ALJ erred in rejecting Dr. Amsden's opinion as predicated on Plaintiff's subjective testimony which the ALJ doubted.  The Commissioner argues that it was reasonable to rely on *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008), to assert that a medical report may be rejected when based largely on properly discounted subjective complaints. However, in its underlying decision, the Court noted that Dr. Amsden's opinion specifically stated that it was based on MRI reports, the treatment Plaintiff had received in the past, Dr. Amsden's direct observations of Plaintiff's conditions through examinations performed over the course of an eight-year treating relationship, as well as Plaintiff's subjective reports of her pain and limitations.  (*See* AR 492.)  The Court determined that, because of Dr. Amsden's independent findings and the fact that his report expressly stated it was based on objective findings, Dr. Amsden's subjective professional judgment, as well as Plaintiff's statements regarding her pain and limitations, the Ninth Circuit's holding in *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194 (2008) governed the outcome.

Although Defendant cites *Tommasetti v. Astrue*, 553 F.3d 1035, 1041 (9th Cir. 2008) in asserting that the ALJ's consideration of Dr. Amsden's opinion was legally sufficient, this case is not factually applicable and did not support the Defendant's argument.  In *Tommasetti*, the court found it was appropriate for an ALJ to reject a doctor's opinion that provided no discussion of the findings underpinning the physician's conclusions, and concluded that the ALJ was justified in finding the doctor's opinion was merely a rehashing of the claimant's own statements – which were rejected as not credible.  *Id*. at 1041.

Here, Dr. Amsden provided an explicit statement of the basis for his conclusions, which included objective test results as well as a long history of treatment examinations.  Under these factual circumstances, an ALJ's doubts about a claimant's subjective testimony does not constitute

a legally sufficient basis to reject a physician's opinion. *Ryan*, 528 F.3d at 1199-1200 (ALJ may not reject physician's opinion that is based in part on claimant's subjective complaints "where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"). As such, the Court reversed the ALJ's decision because the ALJ failed to provide "specific and legitimate" reasons for discounting Dr. Amsden's opinion. Discounting a physician's opinion without proper justification is a "basic and fundamental" error. *Shafer*, 518 F.3d at 1071-72. Absent special circumstances, "the defense of basic and fundamental errors . . . is difficult to justify." *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998).

Even to the extent Dr. Amsden's opinion was properly rejected, the Court determined that the ALJ's finding of non-disability was not supported by substantial evidence. Specifically, the Court noted that the opinions of the non-examining physicians, on which the ALJ relied, were provided prior to 2007 MRI and radiology reports that appeared to indicate that Plaintiff's conditions were worsening. As such, the Court determined that the non-examining physicians' opinions could not constitute substantial evidence when those doctors had not reviewed all the relevant records. *See Salazar v. Astrue*, No. CV 07-8173, 2009 WL 2524874, at *5 (C.D. Cal. Aug. 17, 2009) (finding that ALJ's reliance on medical expert opinion who failed to review all the relevant records did not constitute substantial evidence). Moreover, the ALJ did not discuss the 2007 radiology and MRI results or consider whether they undercut the opinions of the non-examining physicians. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a) (RFC is an assessment based upon all of the relevant evidence).

The Commissioner contends it was reasonable to rely on circuit precedent, specifically *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996), in arguing that the findings of non-examining physicians may constitute substantial evidence where those opinions are supported by other evidence; however, this argument neglects to account for the factual realities of this case. As discussed above, the non-examining physicians' opinions did not appear to be consistent with the most recent medical evidence – i.e., the 2007 MRI and radiological reports showing what Dr. Baker deemed to be degenerative changes not evidenced in earlier 2004 MRI and X-ray reports. (AR 436 ("in the interval since testing in 2004, Ms. Vasquez has developed degenerative pathology in the cervical

spine and in the lumbar spine").) The non-examining physicians, on whose opinions the ALJ relied, rendered their reports without the benefit of the September 2007 MRI and radiology reports.

The non-examining physicians' opinions were not predicated on a review of the most recent objective medical testing. As such, neither the ALJ's position in holding out those opinions as substantial evidence, nor the Commissioner's position in arguing the ALJ was legally justified in doing so, was substantially justified in fact. For these reasons, the government's position in taking the underlying agency action as well as the Commissioner's litigation position on appeal were not substantially justified.

**B.    The Reasonableness of Fees and Expenses**

The Court must determine what constitutes a reasonable award of attorneys' fees. *See* 28 U.S.C. § 2412(d)(2)(A); *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (district court has an independent duty to review plaintiff's fee request to determine its reasonableness). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Blum v. Stenson*, 465 U.S. 886, 897 (1984). "The [Court] must determine not just the actual hours expended by counsel, but which of those hours were reasonably expended in the litigation." *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983). "'Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority.'" *Hensley*, 461 U.S. at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)). The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum*, 465 U.S. at 897.

**1.    Hourly Rates**

Plaintiff requests $175.06 per hour for work performed by her counsel in 2010 and $180.59 per hour for work performed by counsel in 2011 and 2012, which are the applicable statutory maximum hourly rates under EAJA, adjusted for increases in the cost of living, as published by the Ninth Circuit on its website pursuant to 28 U.S.C. § 2412(d)(2)(A), *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6. The Commissioner does not

oppose these hourly rates, and the Court does not find any basis to reduce the hourly rates requested.

### 2. Hours Expended

As to hours expended, Plaintiff seeks attorney's fees for 53.35 hours of work and an additional 1.5 hours of work on the reply brief related to the issue of attorney's fees (so called fees-on-fees, *see Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (citing *Comm'r I.N.S. v. Jean,* 496 U.S. 154, 160 (1990) (the plaintiff's counsel is eligible for fees on fees, but this does not automatically result in an award). (Doc. 22-2, p. 1.) The Commissioner opposes the supplemental EAJA application asserting that the total number of hours requested is unreasonable. (Doc. 24, 4:9-5:24.) The Commissioner relies on *Patterson v. Apfel*, 99 F. Supp. 2d 1212 (C.D. Cal. 2000) for the proposition that an award of 33.75 hours is reasonable for non-routine issues, which also included 4 hours of oral argument. Because this case is routine and there was no oral argument, 53.35 hours is excessive and unreasonably high. The Commissioner also cites *Harden v. Comm'r Soc. Sec.*, 497 F. Supp. 2d 1214, 1215-16 (D.Or. 2007) for the proposition that "[t]here is some consensus among the district courts that 20-40 hours is a reasonable amount of time to spend on a social security case that does not present particular difficulty," and "[a]bsent unusual circumstances or complexity, this range provides an accurate framework for measuring whether the amount of time counsel spent is reasonable."

The reasoning offered in *Harden* and *Patterson* was recently rejected in *Costa v. Comm'r of Soc. Sec. Admin.*, __ F.3d __, 2012 WL 3631255 (9th Cir. Aug. 24, 2012). The *Costa* court held that "it is [] an abuse of discretion to apply a de facto policy limiting social security claimants to twenty to forty hours of attorney time in 'routine' cases." *Id*. at 3. Further, the court questioned "the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court." *Id.* Rather, the inquiry into the reasonableness of a fee request must be based on the facts of each case. *Hensley*, 461 U.S. at 429.

The Commissioner argues that 48.5 hours for Plaintiff's counsel to review the record and draft the opening brief is inordinate, but provides no reasons to support this argument. Nonetheless, the Court has an independent duty to review the fee request for reasonableness, notwithstanding the opposing party's objections or the absence thereof. *Gates*, 987 F.2d at 1401.

The Court must generally give deference to the "winning lawyer's professional judgment as to how much time he was required to spend on the case." *Costa*, 2012 WL 3631255, at * 3. Here, Plaintiff's counsel spent 8.0 hours reviewing the record and drafting the confidential letter brief. (Doc. 22-2, p. 1.) Plaintiff spent 40.5 hours again reviewing the record and drafting the opening brief. (Doc. 22-2, p. 1.) The record in this case consisted of over 200 pages of medical records. The opening brief provided a detailed factual summary and was 44 pages in length. The bulk of counsel's time was expended on drafting the briefs and reviewing the record, as opposed to administrative tasks such as calendaring. Further, counsel did not charge for time spent seeking an extension of time to serve the confidential brief, which reflects an appropriate exercise of billing judgment. *See Hensley*, 461 U.S. at 434. The hours requested all appear reasonable and supported by sufficiently detailed billing records.

### III.   CONCLUSION

In sum, the Court finds no basis to reduce counsel's fee request in this case and GRANTS Plaintiff's fee request as follows:

| Rate | Hours | Total |
| --- | --- | --- |
| $175.06 (2010) | 2.1 | $ 367.63 |
| $180.59 (2011) | 49.5 | $8,939.21 |
| $180.59 (2012) | 1.75 | $ 316.03 |
| $180.59 (2012) | 1.5 (supplemental fees for reply brief) (Doc. 26, 5:6 n.2) | $ 270.89 |
| Total: | 54.85 hours | $9,893.76 |

IT IS SO ORDERED.

**Dated:   September 23, 2012**                /s/ Sheila K. Oberto
                                                                UNITED STATES MAGISTRATE JUDGE